FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 AUG 23 PM 3:01

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 6:18-cv-1396-ORL-40GJK

APPROXIMATELY $61,455 IN
UNITED STATES CURRENCY,

    Defendant.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $61,455 in United States currency seized from Javier Gutierrez Strauss (Defendant Funds).

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

     a.    28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

     b.    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4.    Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

### THE DEFENDANT *IN REM*

5.    The Defendant Funds consist of approximately $61,455 in United States currency that was seized from Javier Gutierrez Strauss in Palm Bay, Florida on or about March 30, 2018 by law enforcement officers who determined that there was probable cause to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act. The U.S. Drug Enforcement Administration (DEA) took custody of the Defendant Funds, and the funds remain in the custody of the United States.

6.    As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by DEA Special Agent Patrick Campbell, who states as follows.

9. On March 30, 2018, the Palm Bay Police Department (PBPD) seized $61,455 U.S. Currency from Javier Gutierrez Strauss during a traffic stop in the area of 1020 Malabar Road, Palm Bay, Florida. The money was seized as proceeds from Strauss's drug trafficking activities based on the following circumstances:

10. On March 30, 2018, at approximately 12:23 a.m., PBPD Officer Derek Hollcroft initiated a traffic stop of a 2008 black Toyota, driven by Javier Strauss, for an inoperable tag light. When Officer Hollcroft initiated the traffic stop, Strauss, who was the only occupant in the car, began driving erratically, but eventually stopped in a shopping plaza parking lot.

11. When Officer Hollcroft made contact with Strauss, he immediately noticed that Strauss was confused and unable to answer questions. Based on his

3

training and experience, Officer Hollcroft recognized signs of impairment and suspected Strauss to be driving under the influence. Additionally, Officer Hollcroft noticed the smell of marijuana inside the car. Officer Hollcroft requested backup officers to assist him. When Officer Amanda Rolf arrived, Strauss told her that he had been inhaling cannabis oil from his vape pen and that he also recently smoked marijuana. Strauss also told Officers Hollcroft and Rolf that he was traveling from Jacksonville, Florida, to Miami, Florida.

12. As a result, the officers asked Strauss to exit the vehicle so they could conduct a probable cause search of the vehicle. Strauss informed the officers that he had marijuana hidden in the groin area of his pants. Strauss was searched and the marijuana was found. PBPD K9 Officer Christina West and a properly trained narcotics detection dog, K9 Sheba, then responded to the scene. A sniff of the vehicle resulted in a positive alert for the odor of a controlled substance on the passenger side door.

13. The search of the vehicle resulted in the discovery of the cannabis oil vape pen, two cell telephones, currency in the driver's side door pocket and center console ($2,635), and a black duffle bag in the trunk with marijuana residue. The duffle bag also contained vacuum-sealed bags of currency totaling $58,820. The vacuum-sealed currency was bundled in stacks with rubber bands. Based on SA Campbell's training and experience, he knows that banding money with rubber bands and sealing the money in vacuum-sealed bags is consistent with the way drug traffickers transport drug proceeds. The currency, duffle bags, two cell telephones,

and other items were collected as evidence. A field test of the residue in the duffle bags, as well as the vape pen, and other paraphernalia items all tested positive for marijuana.

14. Strauss was transported from the scene to the PBPD station for further questioning by DEA Task Force Officer Sean Pindar and PBPD Agent Milan Valdes, but would not discuss any of the details of his trip. Strauss said he did not wish to answer any questions about anything located in his car. Strauss was arrested, and later charged in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, for driving under the influence, possession of controlled substances, and possession of drug paraphernalia in violation of Florida State Statutes. *See State of Florida vs. Javier Gutierrez Strauss*, Case No. 052018CF021705AXXXXXA8J7LNE.

15. On April 3, 2018, PBPD Officer Byron Patrick utilized a properly trained narcotics detection dog, K9 Jasper, to conduct a free-air sniff of the evidence bags containing the seized currency. K9 Jasper alerted to the seized currency for the odor of a controlled substance.

16. A wage an hour report, provided by the State of Florida, for current and historical employment information over the past five years, indicates Strauss worked for Home Depot USA Inc. during the second quarter 2018 and earned $1,278.75. No other income was reported from the past five years.

## CONCLUSION

17. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial.

Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Dated: August 23, 2018

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: /s/ Nicole M. Andrejko
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
(407) 648-7500 – telephone
(407) 648-7643 – facsimile
E-mail: nicole.andrejko@usdoj.gov

## VERIFICATION

I, Patrick Campbell, hereby verify and declare under penalty of perjury, that I am a Special Agent with the U.S. Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other law enforcements officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of August, 2018.

                                                    */s/ Patrick Campbell*
                                                    Patrick Campbell
                                                    Special Agent
                                                    U.S. Drug Enforcement Administration

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Approximately $61,455 in United States Currency

County of Residence of First Listed Defendant: Orange
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
proceeds traceable to and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 & 846

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/23/18

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___